IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DENNIS KAY MOSS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>WARDEN JEFF CONWAY, and )<br>IDAHO ATTORNEY GENERAL, )<br>)<br>Respondents. )<br>) | Case No. CV 06-0025-S-MHW<br><br>**INITIAL REVIEW ORDER** |

Dennis Kay Moss filed a Petition for Writ of Habeas Corpus in this Court on January 18, 2006. The Court now reviews the Petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 or Rule 4 of the Rules Governing Section 2254 Cases (Habeas Rules).

**I.**

**BACKGROUND**

In 2001, Petitioner pled guilty in state district court to felony driving under the influence and was placed on probation, with an underlying prison sentence of five years with the first two years fixed. On August 25, 2004, Petitioner's probation was revoked. Petitioner's subsequent appeal was denied, and the Idaho Supreme Court issued its Remittitur on October 20, 2005. In the current habeas petition, Petitioner alleges that he

**INITIAL REVIEW ORDER - 1**

was denied his federal constitutional rights to a speedy trial and to the effective assistance of counsel on appeal.

## II.

## STANDARD OF LAW

In order to have a habeas corpus petition heard in federal court, a petitioner must allege that he is held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). The Court is required to review the petition upon receipt to determine whether it is subject to summary dismissal. *See* Habeas Rule 4. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id*.

## III.

## DISCUSSION

After initially reviewing the Petition, the Court concludes that Petitioner has alleged that he is in custody pursuant to a state court judgment in violation of the United States Constitution. It appears, however, that the Petition may be untimely and that Petitioner may not have properly exhausted his constitutional claims in the Idaho Supreme Court, but the Court is unable to make these determinations conclusively without access to the state court record. The Court would also benefit from the Respondents' response. Accordingly, the Court will order that the Clerk of Court serve a

**INITIAL REVIEW ORDER - 2**

copy of the Petition on the Idaho Attorney General, on behalf of the Respondents, who may respond within 60 days either by answer or pre-answer motion, and who should supply relevant portions of the state court record.

Petitioner should be aware of the following standards of law that may apply to this case.

(1) <u>Statute of Limitations</u>

The Petition in this case is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) (enacted in 1996). Under AEDPA, a one-year period of limitation applies to an application for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The one-year period begins to run from the date of one of four triggering events, as specified in 28 U.S.C. § 2244(d)(1)(A)-(D). The most common event is the date upon which the conviction became final, either after direct appeal or after the time for seeking an appeal expired.

The statute provides tolling (suspending) of the one-year period for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Thus, to the extent that Petitioner properly filed an application for post-conviction relief in state court, or other collateral review, the time that the application was pending in state court will not count toward the one-year limitation period.

**INITIAL REVIEW ORDER - 3**

The limitation period also may be equitably tolled under exceptional circumstances. For equitable tolling to be applicable, a petitioner must show that extraordinary circumstances beyond his control made it impossible to file the habeas petition in time. *See, e.g., Miles v. Prunty*, 187 F.3d 1104 (9th Cir.1999).

(2)     Exhaustion and Procedural Default

In addition to satisfying AEDPA's statute of limitations, a petitioner must also have "exhausted" his state court remedies before including a claim in a federal habeas petition. 28 U.S.C. § 2254(b). A claim has been exhausted when there are no state court remedies currently available in which to raise the claim. 28 U.S.C. § 2254(c). Unless a petitioner has exhausted his state court remedies relative to a particular claim, a federal district court cannot grant relief on that claim, although it does have the discretion to deny the claim. 28 U.S.C. § 2254(b)(2).

Not only must a habeas petitioner exhaust his state remedies, he must do so properly. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To exhaust a constitutional claim properly, the petitioner must invoke one complete round of the state's established appellate review process, giving the state courts a full and fair opportunity to correct the alleged error at each level of appellate review. *Baldwin v. Reese*, 541 U.S. 27 (2004).

It is for this reason that Petitioner must be mindful that state court remedies are considered technically exhausted, but not properly exhausted, if he bypassed the state

**INITIAL REVIEW ORDER - 4**

courts by failing to raise his federal claims at each level of review, and there are no remedies now available. *O'Sullivan*, 526 U.S. at 848. A claim may also be considered exhausted, though not properly exhausted, if a petitioner actually pursued a federal claim in state court, but the state court rejected the claim on a clearly expressed and consistently applied state procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991). Under these circumstances, the claim is considered to have been "procedurally defaulted." *Coleman,* 501 U.S. at 731. A procedurally defaulted claim will not be heard in federal court unless the petitioner shows either that there was legitimate cause for the default and that prejudice resulted from the default, or, alternatively, the petitioner is actually innocent, and that there will be a miscarriage of justice if the federal claim is not heard. *Id.*

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

If a petitioner cannot show cause and prejudice for his procedural default, he can still bring the claim in a federal habeas petition if he demonstrates that failure to consider

**INITIAL REVIEW ORDER - 5**

the claim will result in a "fundamental miscarriage of justice," which means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Murray v. Carrier*, 477 U.S. at 496. To satisfy this standard, a petitioner must make a colorable showing of factual innocence. *Herrera v. Collins*, 506 U.S. 390, 404 (1993). If a petitioner brings forward new evidence not presented at trial which tends to show his innocence, the Court must then determine whether, "in light of the new evidence, no juror, acting reasonably, would have voted to find [the defendant] guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995). Upon such a showing, a petitioner may proceed with his claims, provided that his claim of actual innocence is accompanied by an assertion of nonharmless constitutional error at trial. *Id.* at 316.

    (3)    <u>Claims Proceeding on Merits</u>

For any of Petitioner's claims that survive these procedural requirements and proceed on the merits, Petitioner shall bear the burden of proving that the state court judgment either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or that it "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

**INITIAL REVIEW ORDER - 6**

## IV.

## REQUEST FOR COUNSEL

Petitioner has requested appointment of counsel. There is no constitutional right to counsel in a habeas corpus action. *Coleman v. Thompson,* 501 U.S. 722, 755 (1991). A habeas petitioner has a right to counsel, as provided by rule, if an evidentiary hearing is required in his case. *See* Rule 8(c) of the Rules Governing Section 2254 Cases. In addition, the Court may exercise its discretion to appoint counsel for an indigent petitioner in any case where required by the interests of justice. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B). Whether counsel should be appointed turns on a petitioner's ability to articulate his claims in light of the complexity of the legal issues and his likelihood of success on the merits. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

It is unclear whether Petitioner will be able to proceed on the merits of his case or whether an evidentiary hearing will be necessary. As a result of the foregoing, Petitioner's motion is denied.

## V.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Clerk of Court shall serve the petition (Docket No. 1), with exhibits, together with a copy of this Order, on the Attorney General for the State of Idaho, on behalf of Respondents, as follows:

**INITIAL REVIEW ORDER - 7**

L. LaMont Anderson
Office of the Idaho Attorney General
P.O. Box 83720
Boise, ID 83720-0010.

If service has previously been made on the Idaho Attorney General, the Clerk of Court need not send an additional copy unless requested by the Idaho Attorney General.

IT IS FURTHER HEREBY ORDERED that Respondents shall file an answer or other pre-answer motion within 60 days after entry of this Order.  Respondents shall file with the responsive pleading or motion, or within a reasonable time period thereafter, a copy of all portions of the state trial record that have been transcribed previously which are relevant to a determination of the issues presented.  Any state court pre-sentence evaluation reports shall be filed under seal of this Court without an accompanying motion.

IT IS FURTHER HEREBY ORDERED that Respondents and Petitioner shall file all dispositive motions within 90 days after entry of this Order.  A dispositive motion, such as a motion to dismiss or motion for summary judgment, shall fully brief all claims and issues raised in the Petition and contain appropriate citations to the record.  Responses to dispositive motions shall be due within 30 days after service of motions; reply briefs shall be due within 14 days after service of responses.  These deadlines supersede those specified in the "Notice to Pro Se Litigants of the Summary Judgment Rule Requirements."  No party shall file supplemental responses, replies, affidavits or

**INITIAL REVIEW ORDER - 8**

other documents not expressly authorized by the Local Rules without first obtaining leave of Court.

IT IS FURTHER HEREBY ORDERED that all Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10 and 11, and Local Rules 5.1 and 7.1.  The Court will not consider requests made in the form of letters.

IT IS FURTHER HEREBY ORDERED that Petitioner shall at all times keep the Court and Respondents advised of any changes in address.  Failure to do so may result in dismissal.



DATED: February 8, 2006

Honorable Mikel H. Williams
United States Magistrate Judge

**INITIAL REVIEW ORDER - 9**